IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTONIO STEWART, | : | CIVIL NO. 3:CV-14-1161 |
| | : | |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| J.E. KRUEGER, | : | |
| | : | |
| Respondent | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) filed by petitioner Antonio Stewart ("Stewart"), a federal inmate incarcerated at the Federal Correctional Institution at Schuylkill, Minersville, Pennsylvania. Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4,[1] and, for the reasons set forth below, the petition will be dismissed for lack of jurisdiction.

I. **Background**

On July 11, 2005, Stewart pled guilty to a violation of 18 U.S.C. § 922(g)(1), felon in possession of a firearm, and was sentenced to 180 months imprisonment in the United States District Court for the District of Maryland. (See United Stated District Court for the District of Maryland Electronic Docket USA v. Stewart, 1:04-CR-00377-JFM-1). On July 13, 2005, pursuant to the Judgment in a Criminal case, Stewart was committed to the custody of the

---

[1] These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. See R. GOVERNING § 2254 CASES R.1(b)

Federal Bureau of Prison ("BOP"). (Id.) No direct appeal was filed. (Doc. 1-1, at 2).

On July 26, 2010, Stewart filed a motion to vacate pursuant to 28 U.S.C. § 2255. (Id.) The motion was denied on November 30, 2010. (Id.) He appealed to the United States Court of Appeals for the Fourth Circuit and, on April 6, 2011, the motion for a certificate of appealability was denied. (Id.) Stewart filed a petition for rehearing, which was denied on June 7, 2011. (Id.)

The instant petition was filed on June 17, 2014. Therein, Stewart argues that he is entitled to relief because the sentencing court used the modified categorical approach to determine he was a career criminal for purposes of a sentencing enhancement finding. In so arguing, he relies on Descamps v. United States, — U.S. —, 133 S.Ct. 2276 (2013), which held that federal sentencing courts may not apply the modified categorical approach to sentencing under the Armed Career Criminal Act when the state crime of which the defendant is convicted has a single indivisible set of elements. Id. at 2281-82

## II. Discussion

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Once relief is sought *via* section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255 (h); 28 U.S.C.

2244(3)(A). Stewart has failed to seek certification from the appropriate court of appeals to file a second or subsequent § 2255 petition. 28 U.S.C. § 2255 (h); 28 U.S.C. 2244(3)(A).

Instead, he attempts to utilize § 2241 to obtain the desired relief. Such claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52. Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. See id. at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251.). Rather, only when a federal prisoner is in an unusual position of having no earlier opportunity to challenge his conviction or where he "is being detained for conduct that has subsequently been rendered noncriminal by an intervening Supreme Court decision" can he avail himself of § 2241. Dorsainvil, 119 F.3d at 251–52.

The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255 and Stewart fails to demonstrate that he falls within the Dorsainvil exception. He fails to allege that he had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate. And, his reliance on Descamps, 133 S.Ct. 2276 is misplaced because it does not render non-criminal petitioner's conviction in the District Court of Maryland, it only relates to the

sentence that he received. Specifically, Stewart contends that he is factually innocent of a sentencing enhancement as opposed to being factually innocent of the crime for which he was convicted. Accord United States v. Brown, 456 F. App'x 79, 81 (3d Cir. 2012) (*per curiam*) (stating "[w]e have held that § 2255's 'safety valve' applies only in rare circumstances, such as when an intervening change in the statute under which the petitioner was convicted renders the petitioner's conduct non-criminal. Brown has not satisfied that standard here, as he makes no allegation that he is actually innocent of the crime for which he was convicted, but instead asserts only that he is 'innocent' of being a career offender.") *cert. denied*, — U.S. —, 133 S.Ct. 201 (2012).

If a petitioner improperly challenges a federal conviction or sentence under section 2241, as is the case here, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1154, 1165 (3d Cir. 1971). Consequently, the court will dismiss this § 2241 petition for lack of jurisdiction.

An appropriate order will issue.

BY THE COURT:

s/James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**

Dated:     July 10, 2014